JS 44C/SDNY
REV. 4/2014

**CIVIL COVER SHEET**

14 CV 7447

JUDGE DANIELS

SEP 1 5 2014

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Marian Meller

**DEFENDANTS**
The City of New York
Police Officer Robert J Youngs Shield # 17950

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
The Law Office of Fred Lichtmacher P.C. The Empire State Building 350 5th Avenue Suite 7116 New York NY 10118 (212) 922-9066

**ATTORNEYS (IF KNOWN)**
Zachary Carter Corporation Counsel NYC 100 Church Street New York NY 10007 (212) 788-0303

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC § 1983 False arrest and Malicious prosecution by members of the NYPD

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓] Yes [ ] Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE? No [x] Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)

**NATURE OF SUIT**

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [x] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PERSONAL INJURY**
- [ ] 367 HEALTHCARE/PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**ACTIONS UNDER STATUTES**

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 375 FALSE CLAIMS
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Unk _____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

MARIAN MELLER )
_____ )
*Plaintiff* )
v. ) Civil Action No.
THE CITY OF NEW YORK PO ROBERT J YOUNGS ) 
AND UNIDENTIFIED POLICE OFFICERS )
_____ )
*Defendant* )

**14 CV 7447**

**JUDGE DANIELS**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* THE CITY OF NEW YORK
100 Church Street New York NY 10007

Police Officer Robert J Youngs, Shield # 17950 94th precinct
100 Meserole Avenue Brooklyn NY 11222

and Unidentified Police officers

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Plaintiff Marian Meller by The Law Office of Fred Lichtmacher P.C.
The Empire State Building 350 5th Avenue Suite 7116 NY NY 10118
(212) 922-9066

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: SEP 1 5 2014

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIAN MELLER,

                    Plaintiff,          **COMPLAINT**

    -against-

THE CITY OF NEW YORK, POLICE
OFFICER ROBERT J. YOUNGS Shield #17950
and UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS, sued herein in their
capacities as individuals.
                  Defendants.

                                            **JURY TRIAL DEMANDED**

------------------------------------------------------------X

        Plaintiff, by his attorney, Fred Lichtmacher of The Law Office of Fred Lichtmacher P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION AND VENUE

        1.     This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Subject matter jurisdiction is conferred by 28 U.S.C. §1331 and §1343 (a)(3 & 4). Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367 and requests that this Court hear and decide his state common law claim.

        2.     Under 28 U.S.C. §1391(b)(2), venue is appropriate in the Southern District of New York.

## PARTIES

        3.     At all times relevant, plaintiff Marian Meller was a citizen of the United States of America residing in the State and City of New York, County of Queens.

        4.     Defendant, The City of New York, is a Municipal Corporation within New York State.

5. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.

6. At all times relevant, the City of New York employed the defendant police officers more fully identified below.

7. Defendant Police Officers Robert J. Youngs Shield #17950 and Unidentified New York City Police Officers are sued herein in their capacity as individuals (the individual defendants) and they were at all times relevant duly appointed and acting as employees of the City of New York Police Department.

8. The individual defendants were agents, servants and employees of the defendant the City of New York and at all times relevant they were acting within the scope of their employment.

9. At all times relevant, the individual defendants were acting in their capacities as state actors under color of state law.

## NOTICE OF CLAIM

10. On or about September 3, 2013, and within ninety days after his claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York by delivering copies thereof to the Comptroller of the City of New York at the address designated for such service.

11. The Notice of Claim was in writing and sworn to by the plaintiff, and contained the name and post office address of the plaintiff as well as of his attorney.

12. The Notice of Claim set out the nature of claims, the time when, the place where and the manner in which the claims arose, as well as the damages and injuries claimed to have been sustained.

13. On or about November 6, 2013, the City of New York took plaintiff's testimony pursuant to GML §50-h.

14. More than thirty days have elapsed since the service of the aforementioned Notice of Claim was served on the City of New York and adjustment or payment thereof has been neglected or refused.

15. Defendant, the City of New York, is vicariously liable to the plaintiff for the individual defendants' common law tort of malicious prosecution via the principle of *respondeat superior*.

16. New York CPLR § 1601 does not apply to the instant matter pursuant to the exception provided by CPLR § 1602(1)(b).

17. This action was commenced within one year and ninety days after the state cause of action became ripe and well within the three year statute of limitations applicable to plaintiff's Constitutional claims.

## FACTS UNDERLYING
## PLAINTIFF'S CLAIMS FOR RELIEF

18. On March 27, 2013, beginning at approximately 9:30 a.m. in the vicinity of Manhattan Avenue, between Noble and Milton Streets, in the Greenpoint neighborhood of Brooklyn, New York, Marian Meller was wrongfully arrested and subsequently maliciously prosecuted by the individual defendants.

19. At all times relevant Mr. Meller served as the President of the St. Vincent De Paul Pro-Life Homeless Inc. (hereinafter, the charity) which is a not for profit domestic charitable corporation.

20. On March 27, 2013, Mr. Meller went to oversee a vendor's table working for the charity which was located on Manhattan Avenue between Noble Street and Milton Street.

21. The table sold second hand items on behalf of the charity.

22. Upon arrival at the table, Mr. Meller observed the individual defendants attempting to arrest the operator of the table.

23. Mr. Meller spoke with the defendants, two male, plain clothed officers and he informed the officers of the nature of the vending, which did not require a vendor's license.

24. Despite being so informed, the two defendant officers subsequently arrested Mr. Meller

25. The arrest was effected without probable cause to believe Mr. Meller had committed a crime and despite the fact that the individual defendants knew or should have known why Mr. Meller was legally authorized to vend as he was doing due to the charity's status under New York law.

26. Mr. Meller was handcuffed and searched.

27. Mr. Meller was taken to the 94th Precinct by the individual defendants in an unmarked police car.

28. Mr. Meller was photographed, fingerprinted, and forced to stay in a holding cell.

29. Mr. Meller remained in the holding cell at the 94th precinct for approximately three hours before being released with a Desk Appearance Ticket ordering him to appear in court.

30. Mr. Meller was forced to make court appearances on April 30, 2013, June 17, 2013 and ultimately on July 2, 2013 when the false charges were ultimately dismissed with prejudice.

31. Defendants' acts caused Mr. Meller to be incarcerated, handcuffed, searched, suffer mental and emotional upset, trauma, fear, humiliation, embarrassment, he was forced to miss work, he was prevented from attending to his usual affairs of business and to make forced court appearances, he incurred attorneys' fees and he was otherwise harmed.

## FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE INDIVIDUAL DEFENDANTS
## VIA FALSE ARREST

32. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

33. The plaintiff's rights have been violated pursuant to the Fourth Amendment to the United States Constitution, as made applicable to the states via the Fourteenth Amendment to the United States Constitution by his being arrested by the defendants without probable cause to believe he had committed a crime.

34. Mr. Meller was confined by defendants, defendants intended to confine Mr. Meller, Mr. Meller was conscious of his confinement and Mr. Meller did not consent to the confinement which was not otherwise privileged.

35. As a direct consequence of defendants' actions, Mr. Meller was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, his right to be free from arrest without probable cause.

36. The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that Mr. Meller was in fact guilty of crimes.

37. At no time did any of the individual defendants intervene to prevent or end the misconduct to which Mr. Meller was being subjected, despite knowing he was being arrested without probable cause and despite having an opportunity to intervene to prevent the violation of plaintiff's rights which was being committed in their presence.

38. The individual defendants' acts and omissions caused plaintiff to sustain emotional and financial injuries and that he was otherwise harmed.

39. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory and punitive damages in amounts to be determined at trial and he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE INDIVIDUAL DEFENDANTS VIA MALICIOUS PROSECUTION

40. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

41. Mr. Meller was subjected to a malicious prosecution by the defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice, the charges terminated in plaintiff's favor via a dismissal and Mr. Meller suffered deprivations of his rights via forced court appearances.

42. At no time did any of the individual defendants intervene to prevent or end the misconduct to which Mr. Meller was being subjected, despite knowing he was being prosecuted without probable cause and despite having an opportunity to intervene to prevent the violation of plaintiff's rights which was being committed in their presence.

43. The individual defendants' acts and omissions caused plaintiff to sustain emotional and financial injuries.

44. By reason of the aforesaid, the plaintiff has been damaged and is entitled to compensatory and punitive damages in amounts to be determined at trial and he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF VIOLATION OF THE COMMON LAW OF THE STATE OF NEW YORK BY THE CITY OF NEW YORK VIA MALICIOUS PROSECUTION

45. Plaintiff repeats the allegations contained in the prior paragraphs as if fully stated herein.

46. Mr. Meller was subjected to a violation of the common law of the State of New York by being maliciously prosecuted by the defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the charges terminated in plaintiff's favor via a dismissal.

47. The individual defendants' acts and omissions caused plaintiff to sustain emotional and financial injuries for which the defendant the City of New York is liable via the principle of *respondeat superior*.

48. By reason of the aforesaid, the plaintiff has been damaged and he is entitled to compensatory damages in an amount to be determined at trial.

**WHEREFORE,** plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief finding that plaintiff Marian Meller's rights under the United States Constitution and the common law of the State of New York were violated;

(B) Compensatory damages to be determined at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual defendants in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorneys' fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: September 13, 2014
       New York, New York

_____
Fred Lichtmacher (FL-5341)
The Law Office of Fred Lichtmacher P.C.
*Attorneys for Plaintiff*
The Empire State Building
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

To:   Zachary Carter
      Corporation Counsel NYC
      Attorneys for Defendants
      100 Church Street
      New York, New York 10007